UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———

MOHAMED BAHAA EL DIN HAMDY,

    Petitioner,

    -v-             **DECISION and ORDER**
                     05-CR-232S

UNITED STATES OF AMERICA,

    Respondent.

———

On May 20, 2009, Petitioner, Mohamed Bahaa El Din Hamdy, acting *pro se*, filed a petition seeking relief pursuant to 28 U.S.C. § 2255, alleging that his conviction in this Court was unconstitutionally or unlawfully obtained. (Docket No. 198). Thereafter, by Order dated June 6, 2009, the Court directed the respondent to file and serve an answer to the petition and supporting memorandum by no later than July 14, 2009. (Docket No. 200).

Petitioner has now filed what he has captioned a "Motion to Re open [sic] the case number 05-232-S or 07-1129".[1] (Docket No. 199). The purpose of petitioner's motion is unclear. Petitioner states that while he hopes that his petition to vacate his conviction will be granted, he desires to "send the notice of appeal based on an advice from the court of appeals for the second circuit, just to be on the safe side pertaining filing [sic] the proper documents in a timely manner." Petitioner's reference to "advice" from the Second Circuit is apparently a reference to a letter dated May 22, 2009, from the Clerk of the Second

---

[1] The numbers referenced in the caption of petitioner's motion are the docket numbers of the criminal case in this Court (05-CR-232S), and petitioner's appeal in the Second Circuit (07-1129-cr) from the judgment of conviction entered in this Court on March 20, 2007 (Docket No. 167).

Circuit to petitioner, a copy of which is attached to the motion to reopen. (Docket No. 199 at 3). That letter informs petitioner that the Clerk is returning papers received by the Clerk's Office on May 12, 2009, because the papers submitted by petitioner did not pertain to any case pending in the Second Circuit. The letter proceeds to inform petitioner of what he must do to file an appeal from a district court decision.[2]

To the extent that petitioner's motion to reopen is an attempt to submit a notice of appeal, based, as petitioner asserts, "based on an advice from the Court of Appeals," it is redundant: petitioner has already appealed from the judgment of conviction entered in this Court on March 19, 2007 (*See* Docket Nos. 167 [Judgment] and 168 [Notice of Appeal]), and the Second Circuit has affirmed that judgment by Summary Order dated April 29, 2009. *See United States v. Hamdy*, 07-1129-cr (2d Cir., Apr. 29, 2009). Moreover, petitioner has recently filed *another* notice of appeal from the judgment of conviction entered on March 19, 2007 (Docket No. 201).

The Motion to Reopen further states that petitioner wishes to "reopen the case because of missing evidences and witnesses who were missing from the trial." The Court notes that petitioner's petition seeking relief pursuant to 28 U.S.C. § 2255 (Docket No. 198) makes the same argument, and the Court therefore finds that in this regard the motion to reopen duplicates the petition and is therefore superfluous.

---

[2]Also attached to petitioner's motion to reopen are copies of: (1) two documents dated May 8, 2009 that petitioner sent to the Second Circuit in connection with his attempt to obtain an extension of time to file a *pro se* petition in the Second Circuit for a rehearing of the Second Circuit's Order dated April 29, 2009, which affirmed the judgment of conviction entered in this Court (Docket No. 199 at 4, 5), and (2) an Order of the Second Circuit dated May 15, 2009 which, *inter alia,* granted petitioner's request for an extension of time. (Docket No. 199 at 2).

Accordingly, petitioner's "Motion to Reopen" (Docket No. 199) is hereby DENIED.

SO ORDERED.

Dated: July 5, 2009
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge